

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-1793-M |
| MELISSA ADAMS, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Melissa Adams's Motion to Dismiss for Lack of Personal Jurisdiction, dated October 3, 2005. The Court **GRANTS** the Motion.

## FACTUAL BACKGROUND

Plaintiff, the Verizon Employee Benefits Committee (the "Committee"), is the administrator and fiduciary of the Verizon Management Pension Plan. The Committee alleges that Adams was entitled to receive a lump-sum payment of her pension benefits of $160,932.73. The Committee alleges that, due to an administrative error, the Verizon Benefits Center mistakenly paid Adams a lump sum of $381,039.67 – $220,106.94 more than what Adams was entitled to receive under the plan. According to the Committee, Adams has not returned, nor indicated that she will return, the excess payment. As a result, Plaintiff brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Adams moved to dismiss.

## STANDARD OF REVIEW

The plaintiff bears the burden of proving personal jurisdiction, and relevant factual disputes will be resolved in the plaintiff's favor. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). Where, as here, the Court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff may "satisfy its burden by presenting a *prima facie* case for jurisdiction." *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999). The plaintiff's uncontroverted, nonconclusional[1] factual allegations are accepted as true and all controverted allegations are resolved in the plaintiff's favor. *Panda Brandywine Corp.*, 253 F.3d 865 at 868.

## ANALYSIS

Fifth Circuit case law provides two distinct avenues by which a court may assert personal jurisdiction over a defendant. The first is the basis for diversity jurisdiction, and predicates a finding of jurisdiction on the plaintiff's proving that the defendant had minimum contacts with the forum state so that the haling of the defendant into courts of that state is consonant with the dictates of due process and with the requisites of the state's long-arm statute. *See, e.g., Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986).[2] The second path, implicated solely in

---

[1] The Court acknowledges that the word "nonconclusional" is not contained in the Oxford English Dictionary, Merriam-Webster Online, or Dictionary.com. However, the term has been used in multiple published opinions. *See Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 368 n.7 (5th Cir. 2002); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001); *Felch v. Transportes Lar-Mex S.A. de C.V.*, 92 F.3d 320, 326 n.16 (5th Cir. 1996); *Adams v. Baldwin Cty. Bd. of Educ.*, 628 F.2d 895, 896 (5th Cir. 1980).

[2] Plaintiff does not argue that Adams has such contacts with Texas.

cases arising under federal question jurisdiction, inheres in the existence of a statutory grant of federal jurisdiction. *See Submersible Sys. v. Perforadora Cent.*, 249 F.3d 413, 418 (5th Cir. 2001) ("Absent a federal statute that provides for more expansive personal jurisdiction, the personal jurisdiction of a federal district court is coterminous with that of a court of general jurisdiction of the state in which the district court sits."). A prototypical embodiment of such a statute provides for service of process on the defendant "wherever the defendant may be found." *See, e.g.,* 15 U.S.C. § 78aa (1994) (expanded service of process provision in Section 27 of the Securities Exchange Act of 1934). Courts typically refer to such provisions as "nationwide service of process statutes" because they allow service of process on defendants anywhere in the nation.

The Fifth Circuit has concluded that ERISA is such a statute. *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825-26 (5th Cir. 1996) (examining 29 U.S.C. § 1132(e)(2)). The statute's provisions affect a court's jurisdictional analysis in the following manner:

> when a federal court attempts to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States. . . . In such a case the relevant sovereign is the United States, and . . . the due process concerns of the Fifth Amendment are satisfied and traditional notions of fair play and substantial justice are not offended where a court exercises personal jurisdiction over a defendant residing within the United States.

*Bellaire*, 97 F.3d at 825 (citations and quotations omitted). Thus, the appropriate modus for ascertaining personal jurisdiction in a case that implicates this type of statute becomes a resolution of the question whether the defendant had minimum contacts with the sovereignty of the United States.

29 U.S.C. § 1132(a)(3) (Section 502(a)(3) of ERISA) authorizes a civil action:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of . . . the terms of the plan.

In *Great-West Life & Annuity Insurance Co. v. Knudson*, the Supreme Court construed the term "equitable relief". 534 U.S. 204, 209 (2002). In the context of § 502(a)(3), equitable relief refers to "those categories of relief that were *typically* available in equity". *Id.* at 210 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)). The Court stated that neither an injunction to compel the payment of money past due under a contract, nor specific performance of a past due monetary obligation, was typically available in equity. *Id.* at 210-11. The Court, however, recognized a particular exception:

> [A] plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

*Id.* at 213-14.

In *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, the Fifth Circuit considered whether § 502(a)(3) authorized a suit over a law firm's trust account. 54 F.3d 348, 355 (5th Cir. 2003). In determining whether § 502(a)(3) applied to the

action, the panel employed a three-part test, inquiring if the plaintiff sought to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the plan, and (3) that are within the possession and control of the defendant beneficiary. *Id.* at 356.

In this case, personal jurisdiction hinges on the proper invocation of § 502(a)(3); without its nationwide service of process provision, the Court cannot assert personal jurisdiction over Defendant. A cause of action under § 502(a)(3) must assert an equitable remedy. Because Plaintiff's Complaint does not allege specifically identifiable funds, it does not properly assert an equitable remedy.

The Court looks to case law under 12(b)(6) to determine whether Plaintiff properly stated a claim under § 502(a)(3). A cause of action should be dismissed under Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *United States ex rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648, 653 (5th Cir. 2004). In deciding a 12(b)(6) motion, courts "[accept] all well-pleaded allegations as true, and [view] them in the light most favorable to the plaintiff." *Davis v. Blockbuster, Inc.*, No. 3:04-CV-2393-M, 2005 U.S. Dist. LEXIS 2100, at *3 (N.D. Tex. Feb. 14, 2005) (Lynn, J.) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Courts "will not strain to find inferences favorable to the [plaintiff] and will not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (internal citation and quotation omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Courts have found specifically identifiable funds in many situations. *See Bombardier*, 54

F.3d at 355 (funds placed in a trust account in the defendant's law firm's name); *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1122 (10th Cir. 2004) (settlement funds deposited in the court registry); *Mid Atl. Med. Servs., LLC v. Sereboff*, 407 F.3d 212, 218 (4th Cir. 2005) (settlement funds preserved by the defendants in their investment accounts); *Primax Recoveries v. Lee*, 260 F. Supp. 2d 43, 48 (D.D.C. 2003) (a portion of the funds held in trust by the plaintiff's attorney); *IBEW-NECA Sw. Health & Benefit Fund v. Gurule*, 337 F. Supp. 2d 845, 850 (N.D. Tex. 2004) (Lindsay, J.) (funds held by the defendants' attorney in his client trust account). However, the Seventh Circuit, in dicta, addressed proper challenges under the "specifically identifiable" element. *See Admin. Comm. of the Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir. 2003). The Seventh Circuit panel noted that the funds at issue were "identifiable, [had] not been dissipated, and [were] still in control of a Plan participant due to the fact that [the funds had been placed] in a reserve account in [the defendant's] name when they were disbursed." *Id.* at 687. Because of this, *inter alia*, the panel found subject-matter jurisdiction over the claim.[3] However, the panel noted that the defendant could prevail "if an identifiable *res* did not exist to which [the plaintiff] could claim a legally recognized right. . . . [or] if [the plaintiff] could not trace its property to a specific fund of money." *Id.* at 687-88. Without an identifiable *res* or a specific fund of money, Plaintiff's claim is akin to that of a general creditor, seeking the imposition of personal liability on the defendant to pay a sum of money which Plaintiff is owed. Such a claim falls outside

---

[3]In *Varco*, the defendants alleged that because the plaintiff did not seek an equitable remedy, the plaintiff could not sue under § 502(a)(3) (presumably the only federal cause of action at issue), and therefore, the court lacked federal question subject matter jurisdiction over the lawsuit.

§ 502(a)(3)'s jurisdictional grant. *Cf. Bombardier*, 354 F.3d at 355 (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)).

In its Complaint, Plaintiff states that it is "entitled to impose a constructive trust on the overpayment of $220,106.94, *wherever it may be found*, and to receive equitable restitution in the same amount to recoup the assets that rightfully belong to the plan." Pl. Complaint at 4 (emphasis added). Plaintiff further asks the Court to "impose a constructive trust in the amount of $220,106.94 on the funds and/or equitable liens on the accounts, funds, or real property *where those funds may be traced.*" *Id.* (emphasis added). Plaintiff's Complaint did not identify a specific *res*, such as a bank account or trust, where its $220,106.94 could be found. Without such a *res*, Plaintiff attempts to impose personal liability upon Defendant to pay a sum of money, which is the defining feature of an action in law. *Cf. Bombardier*, 354 F.3d at 355; *Mead v. Arthur Andersen LLP*, 309 F. Supp. 2d 596, 599 (S.D.N.Y. 2004); *Primax Recoveries, Inc. v. Carey*, 247 F. Supp. 2d 337, 341-42 (S.D.N.Y. 2002).[4] Even though the Complaint asserts that Plaintiff seeks an equitable remedy, this alone is not sufficient for the Court to infer the existence of a *res* that would support an action under § 502(a)(3).[5] *See R2 Invs. LDC*, 401 F.3d at 642

---

[4]Had Plaintiff identified a *res* in his Complaint, at this stage of the litigation, the Court would consider the factual allegation as true. *See Panda Brandywine Corp.*, 253 F.3d at 868 (accepting the plaintiff's uncontroverted, nonconclusional factual allegations as true for determining a *prima facie* case of jurisdiction); *Davis v. Blockbuster, Inc.*, 2005 U.S. Dist. LEXIS 2100, at *3 (accepting all well-pleaded allegations as true for the purposes of a 12(b)(6) motion).

[5]At least one district court has granted a motion to dismiss where the complaint failed to allege specified, identifiable funds presently controlled by the opposing party. *See Eldridge v. Wachovia Corp. Long-Term Disability Plan*, 383 F. Supp. 2d 1367, 1372 (N.D. Ga. 2005) ("The [d]efendants do not allege the existence of any specified, identifiable funds presently controlled or possessed by [the plaintiff]. They allege only: (1) that [the plaintiff] physically received [the benefits]; (2) that the Plan requires that [the benefits] should have been reduced by the amount of

(holding that, in determining whether a plaintiff has properly stated a claim, the court need not accept legal conclusions in the complaint.)

Because Plaintiff failed to identify a specific *res,* (1) Plaintiff has failed to state a claim upon which relief can be granted, and, as a result, (2) Plaintiff has failed to plead facts which support an assertion of personal jurisdiction over Defendant. Therefore, the Court **DISMISSES** Plaintiff's § 502(a)(3) claim for lack of personal jurisdiction.

**SO ORDERED.**

January 11, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

Social Security disability benefits received; and (3) that she knew or should have known to preserve the disputed, duplicative social security disability benefits. No allegation in the counterclaim suggests that [the plaintiff] did preserve or otherwise segregate these duplicative benefits." (quotation and citations omitted)); *but see Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364, 1368-69 (M.D. Fla. 2005) (refusing to dismiss when the complaint alleged only that the defendant was in possession of a least a portion of the disputed funds, and that the plaintiff was entitled to a constructive trust of those funds).