

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-1793-M |
| MELISSA ADAMS, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Vacate Judgment and for Leave to Amend Complaint by Plaintiff, the Verizon Employee Benefits Committee (the "Committee"), filed January 31, 2006. The Court **GRANTS** the Motion.

FACTUAL BACKGROUND

The Committee is the administrator and fiduciary of the Verizon Management Pension Plan. The Committee alleges that Defendant Melissa Adams was entitled to receive a lump-sum payment of her pension benefits of $160,932.73. The Committee alleges that, due to an administrative error, the Verizon Benefits Center mistakenly paid Adams a lump sum of $381,039.67 – $220,106.94 more than what Adams was entitled to receive under the plan. According to the Committee, Adams has not returned, nor indicated that she will return, the excess payment. As a result, Plaintiff brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Adams moved to dismiss for lack of personal jurisdiction on

October 3, 2005. The Court granted Adams's motion on January 11, 2006, finding that (1) personal jurisdiction over Adams hinged on the proper invocation of 29 U.S.C. § 1132(a)(3); (2) a cause of action under § 1132(a)(3) must assert an equitable remedy; and (3) because Plaintiff's Complaint did not allege an identifiable *res* or specific fund of money to which Plaintiff is purportedly entitled, Plaintiff did not properly assert an equitable remedy. *See Verizon Employee Benefits Comm. v. Adams*, 3:05-CV-1793-M, 2006 U.S. Dist. LEXIS 887, at *7-10 (N.D. Tex. Jan. 11, 2006).

The Court entered a Judgment dismissing Plaintiff's claims on January 24, 2006. The Committee filed the instant Motion on January 31, 2006. In Plaintiff's proposed Amended Complaint, the Committee states that it "seeks to recover specifically identifiable funds paid by the Plan and that can be traced to Ms. Adams's [Individual Retirement Account ("IRA")] and that are in her possession and control but belong in good conscience to the plan."

## STANDARD OF REVIEW

When a district court dismisses an action and enters a final judgment, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). However, where judgment has been entered on the pleadings, the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling a motion for leave to amend a complaint under rule 15(a). *See id.*

"As outlined by the Supreme Court, [the Fifth] Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or

dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. Absent any of these factors, the leave sought should be 'freely given'." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig*, 332 F.3d at 864; *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

In its brief, Plaintiff argues that, based on the five factors enumerated in *Foman*, the Court should allow it to amend its Complaint. Specifically, Plaintiff argues that (1) it did not delay in requesting leave to amend; (2) it "has no bad faith or dilatory motive"; (3) it has not repeatedly failed to cure deficiencies; (4) Adams will not suffer prejudice; and (5) the amendment would not be futile. In her Response, Adams argues that (1) because Plaintiff did not originally plead an identifiable *res*, even though it "must have had knowledge" of the facts relating to Adams's IRA, Plaintiff did not exercise diligence, which is implicitly an argument of undue delay, and (2) she will suffer undue prejudice. Adams does not challenge the other three factors of *Foman*.

In determining whether an amendment imposes undue prejudice, courts consider whether the amendment would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was previously before the court. *See EMC Corp.*, 393 F.3d at 596. Here, Plaintiff is not adding a different claim; rather, the Committee seeks to comply with jurisdictional requirements by clarifying that its original claim is directed to a *res*. As Plaintiff notes, the parties have not conducted any discovery, so reopening of discovery is not required. Furthermore, the Court recognizes that if Plaintiff is not permitted to amend, its proper recourse

is to file a new action directed to a specific *res*. If the Court does not allow Plaintiff to amend, then, "[a]ll that is accomplished is that the case is set back on the docket, and disposition of merits delayed . . . [which] undercuts the policy of the federal rules in favor of . . . [facilitating] efficient and expeditious resolution of disputes." *Cf. Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 600 (5th Cir. 1981). As a result, the amendment would only require the Defendant to incur in this case costs which she would be required to incur anyway in a separate suit that Plaintiff would likely file. The Court does not find undue prejudice resulting from an amendment here.

Citing *Rosenzweig*, Adams argues that, because Plaintiff did not plead an identifiable *res*, even though it "must have had knowledge" of the facts relating to her IRA, Plaintiff did not exercise diligence, and the Court should find undue delay. In *Rosenzweig*, the court found no abuse of discretion with a district court's denial of the plaintiffs' motion to amend, but explicitly noted that "plaintiffs admit, on appeal, that they made the 'strategic decision' to risk dismissal, with the expectation that they would be granted leave to amend the deficiencies of the complaint." 332 F.3d at 864-65. In the Court's view, *Rosenzweig* does not require the Court to deny Plaintiff's Motion for Leave to Amend. First, Defendant's unsupported assertions notwithstanding, the Court has no evidence that Plaintiff had knowledge of the specific *res* or knew its Complaint was deficient, and made a "strategic decision" to risk dismissal, with the expectation that it would be granted leave to amend the Complaint's deficiencies. Second, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of a pleading is to facilitate a proper decision on the merits." *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 49 (1957)). Although Plaintiff's Original

Complaint was deficient, absent evidence like that shown in *Rosenzweig*, the initial failure to plead a specific *res*, when Plaintiff claims it can prove such exists, is not the kind of misstep that should dictate the outcome of a case. The Court does not find undue delay that warrants denial of the Motion.

## CONCLUSION

The Court **VACATES** its Judgment filed January 24, 2006 and **GRANTS** Plaintiff's Motion for Leave to Amend. The Court **ORDERS** Plaintiff to file an original and a copy of its "Plaintiff's First Amended Complaint Seeking Recovery of Overpayment, Constructive Trust, and Injunctive Relief" with the Clerk of Court.

**SO ORDERED.**

April 5, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS