

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE VERIZON EMPLOYEE BENEFITS
COMMITTEE,

          Plaintiff,

v.

MELISSA ADAMS,

          Defendant.

§
§
§
§
§
§
§
§
§
§

Civil Action No. 3:05-CV-1793-M

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Melissa Adams's Motion to Dismiss under Rule 12(b)(6),

filed on April 27, 2006.  The Court **DENIES** the Motion.

### FACTUAL BACKGROUND

Plaintiff, the Verizon Employee Benefits Committee (the "Committee"), is the

administrator and fiduciary of the Verizon Management Pension Plan.  The Committee alleges

that Adams was entitled to receive a lump-sum payment of her pension benefits of $160,932.73.

The Committee further alleges that, due to an administrative error, the Verizon Benefits Center

mistakenly paid Adams a lump sum of $381,039.67 – $220,106.94 more than what Adams was

entitled to receive under the plan.  According to the Committee, Adams has not returned, nor

indicated that she will return, the excess payment.  As a result, Plaintiff brought this action under

the Employee Retirement Income Security Act of 1974 ("ERISA").

Adams moved to dismiss for lack of personal jurisdiction on October 3, 2005.  The Court

granted Adams's motion on January 11, 2006, finding that: (1) personal jurisdiction over Adams

1

hinged on the proper invocation of 29 U.S.C. § 1132(a)(3); (2) a cause of action under § 1132(a)(3) must assert an equitable remedy; and (3) because Plaintiff's Complaint did not allege an identifiable *res* or specific fund of money to which Plaintiff was purportedly entitled, Plaintiff did not properly assert an equitable remedy. *See Verizon Employee Benefits Comm. v. Adams*, No. 3:05-CV-1793-M, 2006 U.S. Dist. LEXIS 887, at *7-10 (N.D. Tex. Jan. 11, 2006).

The Court entered a Judgment dismissing Plaintiff's claims on January 24, 2006. The Committee filed a motion to vacate the Judgment and for leave to amend its Complaint on January 31, 2006. The Court granted the Committee's motion on April 5, 2006, finding that: (1) no undue prejudice resulted from the amendment; and (2) no undue delay by the Committee warranted denial of the motion. *See Verizon Employee Benefits Comm. v. Adams*, No. 3:05-CV-1793-M, 2006 U.S. Dist. LEXIS 19774, at *5-7 (N.D. Tex. Apr. 5, 2006).

Adams filed the instant Motion on April 27, 2006. Adams alleges that Plaintiff's benefit program is not a plan as defined by ERISA; therefore, Plaintiff cannot obtain the relief requested under ERISA.

<u>STANDARD OF REVIEW</u>

A motion to dismiss for failure to state a claim for which relief can be granted under 12(b)(6) is viewed with disfavor and rarely granted. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A complaint is not dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to prevail on that cause of action. *United States ex. rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648, 653 (5th Cir. 2004). In deciding a 12(b)(6) motion, courts "[accept] all well-pleaded allegations as true, and [view] them in the light most favorable to the plaintiff."

2

*Davis v. Blockbuster, Inc.*, No. 3:04-CV-2393-M, 2005 U.S. Dist. LEXIS 2100, at *3 (N.D. Tex.

Feb. 14, 2005) (Lynn, J.) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th

Cir. 1993)).  Courts "will not strain to find inferences favorable to the [plaintiff] and will not

accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v.

Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal citation and quotation omitted).  The court

does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the

plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal

Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

ANALYSIS

In her Motion, Adams states that her lump-sum distribution from the Committee's

benefit program is no longer in the control of the Committee and requires no further

administration by the Committee. Def. Br. at 3.  Adams argues that this makes her lump-sum

distribution a one-time payment, not a benefit subject to the continuing administration of the

committee. *Id.* at 4.  Adams thus alleges that the Committee's benefit program falls outside the

scope of an ERISA qualifying plan, and that therefore the Committee cannot obtain equitable

relief through 29 U.S.C. § 1132(a)(3). *Id.*

The Fifth Circuit has articulated a comprehensive test for determining whether a

particular plan constitutes an "employee welfare benefit plan." *See Meredith v. Time Ins. Co.*,

980 F.2d 352, 355 (5th Cir. 1993).  Whether a particular insurance arrangement constitutes such

a plan is a question of fact. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 976 (5th Cir. 1991).

The Court must consider whether the plan: (1) exists; (2) falls within the safe-harbor provision

established by the Department of Labor; and (3) satisfies the primary elements of an ERISA

3

"employee benefit plan" – establishment or maintenance of the plan by an employer intending to benefit an employee. *See Meredith*, 980 F.2d at 355. If the plan does not satisfy each of these three prongs, it does not constitute an employee welfare benefit plan under ERISA. *Id.*

Adams only challenges the plan under the third prong. To qualify as a plan under this prong, the plan must be established and maintained by the employer, and the employer must have intended to provide benefits to its employees. *See id.* Adams cites *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987), for the proposition that, to be considered as an ERISA plan, an employee welfare benefit plan must require some continuing commitment or administration by the employer. Def. Br. at 4. Adams argues that her lump-sum payment does not constitute a benefit subject to the continuing administration of the Committee. *Id.* Thus, because the Committee gave her a one-time payment as part of its benefit program, Adams argues that the benefit program does not qualify as an ERISA plan. *Id.*

The Court disagrees. The crux of Adams's argument is that the nature of the benefit controls whether a plan is covered by ERISA. However, in *Tinoco v. Marine Chartering Co.*, 311 F.3d 617, 622-623 (5th Cir. 2002), a Fifth Circuit panel determined that the nature of the benefits of an employee welfare benefit plan does not determine whether a plan qualifies as an ERISA plan. Rather, a plan that requires an ongoing administrative scheme satisfies the third prong of *Meredith v. Time Ins. Co.*, and payments made pursuant to such a plan constitute part of an ERISA plan. *See id.* at 622.

Adams has the burden of showing that the Committee can prove no set of facts in support of its claim. The fact that Adams received a lump-sum payment from Verizon does not, as a matter of law, compel the conclusion that the Verizon employee welfare benefit plan at issue here

4

does not qualify as an ERISA plan.  The relevant inquiry is whether the lump-sum payment was made pursuant to an employee benefit plan that requires an ongoing administrative scheme.[1] Adams does not contend that the Verizon employee benefit plan was not subject to an ongoing administrative scheme.  Thus, on the record before it, the Court declines to dismiss Plaintiff's claim under § 1132(a)(3).

CONCLUSION

The Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED.**

July 25, 2006.

BARBARA M.G. LYNN<br>
UNITED STATES DISTRICT JUDGE<br>
NORTHERN DISTRICT OF TEXAS

---

[1]As noted in *Tinoco*, an ERISA plan may disburse lump-sum benefits as long as the plan is subject to an ongoing administrative scheme.  *See Tinoco*, 311 F.3d at 621 (citing *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1323 (9th. Cir. 1992)).